[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10136
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cv-00761-CLS


ALABAMA EDUCATION ASSOCIATION,
an Alabama non-profit corporation,
A-VOTE,
an Alabama political committee,
PAM HILL,
JEFF BREECE,
CHASSITY SMITH,
CATHEY MCNEAL,
DOROTHY J. STRICKLAND,
RONALD SLAUGHTER,

                                        Plaintiffs - Appellants,

versus

ROBERT BENTLEY, et al.,

                                        Defendants,

MADISON COUNTY BOARD OF EDUCATION,
ROBERT L. BROUSSARD,
in his official capacity as the District Attorney for Madison County,
THOMAS L. WHITE, JR.,
HUNTSVILLE CITY BOARD OF EDUCATION,
CITY OF MADISON BOARD OF EDUCATION,

ROBERT T. TREESE, III,
DR. THOMAS BICE,
in his official capacity as Superintendent of Education,
MARK A. HEINRICH,
in his official capacity as Chancellor of Postsecondary Education, et al.,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 28, 2016)

Before MARTIN, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

This appeal involves Alabama Act No. 2010-761 (codified at Ala. Code § 17-17-5) ("Act 761").  Act 761 "prohibit[s] a state or local government employee from arranging 'by payroll deduction or otherwise' the payment of any contribution to an organization that uses any portion of those contributions for 'political activity.'"  *Ala. Educ. Ass'n v. State Superintendent of Educ*., 665 F.3d 1234, 1235 (11th Cir. 2011) ("*AEA I*").  The Act has birthed numerous federal and state court opinions.  *See In re Mike Hubbard*, 803 F.3d 1298, 1302–05 (11th Cir. 2015) (setting forth the background of Act 761 and its litigious history).  Although the overall procedural history of the Act 761 cases is somewhat complex, the procedural history central to this appeal is not.  We are reviewing the district

court's order dismissing plaintiffs' claim that Act 761 violates the unconstitutional conditions doctrine. For the following reason, we affirm.

## I. BACKGROUND

Plaintiffs/Appellants, the Alabama Education Association and others (referred to collectively as the "AEA"), filed a pre-enforcement complaint challenging Act 761 on the basis that it violated the First Amendment, Equal Protection, and Due Process. Two days before the Act's effective date in 2011, the district court entered a preliminary injunction at the AEA's request, finding that the Act was likely overbroad in violation of the First Amendment and void for vagueness under the Due Process Clause. Although the AEA asserted an unconstitutional conditions claim in its complaint, the district court's grant of the preliminary injunction was not based on this claim. Various defendants appealed the district court's grant of the preliminary injunction. In its initial opinion, this court certified questions to the Supreme Court of Alabama and modified the injunction in the interim. *See AEA I*, 665 F.3d at 1238–39. The Alabama Supreme Court answered the certified questions, *see State Superintendent of Educ. v. Ala. Educ. Ass'n*, 144 So. 3d 265, 274–78 (Ala. 2013) ("*AEA II*") (clarifying that the Act only reached government-facilitated payments), and this court entered a second opinion, reversing the district court's grant of a preliminary injunction. *See Ala. Educ. Ass'n v. State Superintendent of Educ.*, 746 F.3d 1135, 1139–40 (11th

3

Cir. 2014) ("*AEA III*") (holding that the plaintiffs could not demonstrate a substantial likelihood of success on the merits of either their overbreadth claim or their void for vagueness challenge).

Meanwhile, during the pending preliminary injunction appeal, the district court allowed discovery to proceed on the AEA's First Amendment retaliation claim, although the claim was not explicitly stated in the complaint. As part of the AEA's discovery request, the district court ordered nonparty state legislative leaders to produce their legislative files concerning Act 761. These individuals filed petitions for writs of mandamus in this court, challenging the district court's refusal to quash AEA's subpoenas requesting their legislative files. This court held that the district court abused its discretion in refusing to quash the AEA's subpoenas. *See In re Mike Hubbard*, 803 F.3d at 1308.

Although the district court allowed the AEA to proceed on its First Amendment retaliation claim, it dismissed the remaining claims under Rule 12(b)(6). Pertinent to the present appeal, in its order of dismissal, the district court found that the AEA plaintiffs failed to state an unconstitutional conditions claim upon which relief could be granted. Under the doctrine of unconstitutional conditions, "the government may not deny a benefit to a person on a basis that infringes his constitutionally protected freedom of speech even if he has no entitlement to that benefit." *Rumsfeld v. Forum for Academic and Institutional*

4

*Rights, Inc.*, 547 U.S. 47, 59, 126 S. Ct. 1297, 1306–07 (2006) (internal quotation marks and ellipses omitted).  The AEA's claim is founded on the contention that Act 761 places unconstitutional conditions on the availability of the benefit, the state mechanism for payroll deduction, to public employee organizations.  In its complaint, the AEA asserted that "[a] public employee organization that wishes to avail itself of this benefit must not only refrain from engaging in constitutionally protected 'political activity' but must submit a certification to the 'appropriate government entity' promising that it will not use any dues collected through payroll deduction for any 'political activity.'"  In its dismissal order, the district court relied on its preliminary injunction order in which it rejected the AEA's assertion that Act 761 violated the doctrine of unconstitutional conditions.

## II. DISCUSSION

The Defendants, the Madison County Board of Education and others, contend that the district court properly dismissed the AEA's unconstitutional conditions claim, and they urge us to affirm based on the law of the case doctrine. We agree.

"Under the 'law of the case' doctrine, the findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." *This That & The Other Gift & Tobacco, Inc. v. Cobb Cnty., Ga.*, 439 F.3d 1275, 1283 (11th Cir. 2006) (quoting

*Heathcoat v. Potts*, 905 F.2d 367, 370 (11th Cir. 1990)).  This doctrine also bars

the rehashing of issues that were decided "explicitly or by necessary implication"

in a prior appeal.  *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1291 (11th

Cir. 2005); *Klay v. All Defendants*, 389 F.3d 1191, 1198 (11th Cir. 2004); *In re

Justice Oaks II, Ltd.*, 898 F.2d 1544, 1550 n.3 (11th Cir. 1990).  "The doctrine's

central purposes include bringing an end to litigation, protecting against the

agitation of settled issues, and assuring that lower courts obey appellate orders."

*This That & The Other Gift & Tobacco, Inc.*, 439 F.3d at 1283.  There are only two

ways a party can overcome the law of the case doctrine: (1) "if, since the prior

decision, new and substantially different evidence is produced, or there has been a

change in the controlling authority" or (2) "the prior decision was clearly

erroneous and would result in a manifest injustice."  *Oladeinde v. City of

Birmingham*, 230 F.3d 1275, 1288 (11th Cir. 2000).

These prior decisions rejected the AEA's unconstitutional conditions claim

by "necessary implication."  *Schiavo*, 403 F.3d at 1291.  In reaching these

decisions, this court was reviewing the district court's order granting a preliminary

injunction on overbreadth and vagueness grounds.  In its request for a preliminary

injunction, the AEA raised the unconstitutional conditions claim as an alternative

ground for affirmance.  Because this court reversed the district court's order

granting the preliminary injunction, it implicitly rejected the AEA's argument that

6

Act 761 violated their constitutional rights based on the doctrine of unconstitutional conditions. This doctrine would have provided this court, upon review, with an alternative basis to affirm the district court's grant of a preliminary injunction. Hence, this court's prior decision in *AEA III* "implicitly" rejected the AEA's unconstitutional conditions argument. *See id*. On appeal, the AEA does not contend that either exception to the law of the case doctrine applies, and we discern no exception. Accordingly, we conclude that the law of the case doctrine applies, and we therefore affirm the district court's judgment of dismissal.

AFFIRMED.

7